THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATIE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>THE BANTRY GROUP d/b/a WEXFORD HEALTH SOURCES, INC.,<br><br>Defendant. | Case No. |

## COMPLAINT

Plaintiff Katie Johnson, by and through her attorney, Jonathan L. Schwartz of Goldberg Segalla LLP, brings this Complaint pursuant to 820 ILCS 115/9.5 for reimbursement of loss incurred within the scope of her employment against her former employer, Defendant, The Bantry Group d/b/a Wexford Health Sources, Inc.("Wexford"), and alleges and states as follows:

### NATURE OF THE ACTION

1. Plaintiff Johnson seeks reimbursement for losses incurred within the scope of her employment by Wexford pursuant to 820 ILCS 115/9.5. Specifically, this Court entered an award of attorneys' fees and costs in the amount of $295,321.45 against Johnson after finding her liable under 42 U.S.C. § 1983 for actions she took within the scope of her employment by Wexford and at Wexford's direction.

2. Wexford avoided liability directly to the plaintiff due to the Seventh Circuit's prohibition against finding private corporations liable under 42 U.S.C. § 1983 based on vicarious liability.[1]

---

[1] The Seventh Circuit has repeatedly signaled its readiness to revisit the prohibition against holding private corporations liable under 42 U.S.C. § 1983 based on vicarious liability, as set forth in in *Iskander v. Village of Forest Park*, 690 F.2d 126, 131 (7th Cir. 1983). *See Reed v. Wexford Health Sources, Inc.*, No. 20-cv-

**Error! Unknown document property name.**

3. In fact, Wexford has historically taken the position that it is not responsible for or to its employees in any way in light of the aforementioned prohibition on vicarious liability for private corporations.

4. However, Wexford cannot avoid its statutory obligation to protect its employees from losses incurred in the scope of employment. This protection is found in 820 ILCS 115/9.5.

## THE PARTIES

5. Plaintiff Johnson is an Illinois citizen residing in Johnston City, IL. At all times relevant to this action, Johnson was an employee of Wexford, operating under the direction and control of Wexford.

6. Defendant Wexford is a corporation organized under the laws of Pennsylvania, with its principal place of business in Pittsburgh, Pennsylvania.

## JURISDICTION AND VENUE

7. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

8. Diversity jurisdiction exists because: (a) there is a complete diversity of citizenship between Plaintiff Johnson and Defendant Wexford; and (b) the amount in controversy exceeds $75,000.

9. Venue is appropriate under 28 U.S.C. § 1391 because Wexford regularly conducts business in this district, and the loss for which Johnson seeks reimbursement derives from an award of attorneys' fees imposed by this Court in a case where Johnson and Wexford were both defendants.

---

01139-SPM, 2021 U.S. Dist. LEXIS 32076, at *3 (S.D. Ill. Feb. 22, 2021); *Green v. Meeks*, No. 20-cv-463-NJR, 2020 U.S. Dist. LEXIS 162145, at *7 (S.D. Ill. Sep. 4, 2020); *Gaston v. Ghosh*, 920 F.3d 493, 497 (7th Cir. 2019); *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 378 (7th Cir. 2017); *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789-90 (7th Cir. 2014).

**THE UNDERLYING LAWSUIT**

10. Kurt Johansen ("Underlying Plaintiff") sued Johnson, Wexford, and others in this Court in an action titled *Johansen v. Wexford*, et al., No. 1:15-cv-02376 ("Underlying Lawsuit").

11. The Underlying Lawsuit arose out of Underlying Plaintiff's claims of deliberate indifference to a serious medical need while he was incarcerated, in violation of the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983. Specifically, Underlying Plaintiff alleged that Wexford and its employees, including Johnson, were deliberately indifferent to his need for psychiatric medication to treat anxiety and depression and failed to provide his prescribed medication for a period of eighteen days.

12. Johnson was employed by Wexford as a social worker during her interactions with Underlying Plaintiff. At the time of the incident alleged in the Complaint, Johnson was 29 years old and was paid a salary of less than $40,000.

13. Underlying Plaintiff moved for summary judgment against Johnson.

14. In ruling on Underlying Plaintiff's motion for summary judgment, this Court found Johnson was acting within the course and scope of her employment by Wexford.

15. Underlying Plaintiff prevailed on his motion for summary judgment against Johnson and, as a result, was entitled to recover attorneys' fees and costs, pursuant to 42 U.S.C. § 1988 – Proceedings In Vindication Of Civil Rights.

16. On July 20, 2020, Underlying Plaintiff filed his Petition for Fees and Costs under 42 U.S.C. § 1988.

17. By Order dated March 21, 2021, this Court awarded a total of $295,321.45 in attorneys' fees and $3,094.40 in costs against Johnson and one other Wexford employee.

18. Johnson turned to her employer Wexford to satisfy the award that stemmed from actions Johnson took in the course of her employment by Wexford.

19. Despite authorizing Johnson to take the actions that led to the entry of the award of attorneys' fees and costs against her, Wexford refused.

20. As a result, Johnson was left with no other option than to personally satisfy the award of attorneys' fees and costs against her.

## FIRST CAUSE OF ACTION
## REIMBURSEMENT OF SUMS PAID TO SATISFY ATTORNEYS' FEES AWARD

21. Johnson incorporates by reference paragraphs 1 to 20 above as if fully stated herein.

22. Johnson's interactions with Underlying Plaintiff took place within the course and scope of Johnson's employment by Wexford, and her interactions with Underlying Plaintiff were directly related to services performed for Wexford.

23. Johnson was sued by Underlying Plaintiff as result of her actions undertaken within the scope of her employment by Wexford and directly related to services she performed for Wexford.

24. Johnson was ordered to pay Underlying Plaintiff's attorneys' fees and costs incurred in the Underlying Action in the total amount of $298,415.85.

25. Johnson has fully satisfied the award of attorneys' fees and costs against her.

26. As a result of satisfying the award of attorneys' fees and costs, Johnson has incurred a loss in the amount of $298,415.85.

27. Johnson has demanded that Wexford reimburse her for her loss of $298,415.85 that she incurred as a result of satisfying the award of attorneys' fees and costs.

28. Wexford has refused Johnson's demand.

29. 820 ILCS 115/9.5 provides: "An employer shall reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer."

30. Wexford is in violation of 820 ILCS 115/9.5 by refusing Johnson's demand for reimbursement.

WHEREFORE, Plaintiff Johnson respectfully requests that this Court:

A. Enter a monetary judgment in her favor against defendant Wexford in the amount of $298,415.85;

B. Award Johnson prejudgment interest; and

C. Grant any other relief that this Court deems just and equitable under the circumstances, including the award of costs.

DATE: July 15, 2021   Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By: /s/ Jonathan L. Schwartz
Attorney for Katie Johnson

Jonathan L. Schwartz (ARDC #6287338)
Goldberg Segalla LLP
*Mailing Address:* P.O. Box 957, Buffalo, NY 14201
*Physical Address:* 222 W. Adams Street, Suite 2250, Chicago, IL 60606
Phone (312) 572-8411
jschwartz@goldbergsegalla.com

**Error! Unknown document property name.**